UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA VANNER,

       Plaintiff,

vs.
       Case No. 09-CV-12082
       HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

## OPINION AND ORDER ACCEPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION (# 18), DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 16), AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO REQUEST FOR REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS (# 13)

In this case, Plaintiff Patricia Vanner seeks review of the decision denying her application for social security disability benefits. On February 22, 2006, Vanner filed for disability benefits alleging she has been disabled since June 10, 2005 due to fibromyalgia, back pain, and shoulder pain. Her request was denied on May 23, 2006. On June 2, 2006, Vanner requested a hearing before an Administrative Law Judge ("ALJ"). On May 19, 2008, the ALJ held a hearing pursuant to Vanner's request. Vanner appeared and testified at the hearing. Christian Barrett, Ed.D., testified as a vocational expert. On June 27, 2008, the ALJ issued a written opinion denying benefits. On June 30, 2008, Vanner's representative requested review of the ALJ's decision by the Appeals Council. On February 24, 2009, the Appeals Council denied Vanner's request for review.

The matter was referred to Magistrate Judge Virginia Morgan, who issued a sixteen-page report and recommendation on June 16, 2010, recommending that defendant's motion for summary judgment be granted, plaintiff's motion for summary judgment be denied, and the decision denying benefits be affirmed. Magistrate Judge Morgan concluded that the decision of the ALJ was supported by substantial evidence supporting the conclusion that plaintiff retained the residual functional capacity to perform unskilled sedentary work offering a simple routine and that a significant number of such jobs are available. Vanner filed timely objections on July 1, 2010.

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. See 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. Id. The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).

In this case, the ALJ determined that Vanner carried her burden of proof through the first four steps of the disability analysis; Vanner demonstrated that she was unable to perform any of her past relevant work. The Court's inquiry is thus limited to whether substantial evidence supports the ALJ's step five determination of Vanner's RFC and the availability of a significant number of jobs fitting her limitations.

Vanner objects to the report and recommendation as she asserts: (1) the ALJ's RFC determination is not based on substantial evidence as it improperly dismisses Vanner's fibromyalgia and its effect on her ability to work and fails to consider Vanner's combination of physical and mental impairments; and (2) the ALJ failed to show there are a significant number of jobs which Vanner could perform. The Court finds some merit in the objections asserted by Vanner. Because the ALJ failed to adequately account for his refusal to accept the opinions of Vanner's treating physician, the Court orders a remand for further factual development. The Court adopts the facts (the Background, Medical Evidence, and ALJ's Opinion sections) as set forth in Magistrate Judge Morgan's report and recommendation.

**<u>Whether the ALJ Properly Assessed Plaintiff's Disabling Symptoms</u>**

Vanner asserts a number of objections to the ALJ's determination that her fibromyalgia, degenerative disc disease, and mental health impairments do not prevent her from performing sedentary work. Vanner argues that the ALJ (and Magistrate Judge Morgan) did not give proper credit to her physical and mental ailments and their effect on her ability to work. Vanner argues that a treating physician's opinion is entitled to conclusive weight when it is not inconsistent with the evidence in the record, citing SSR 96-2p. The ALJ observed that Dr. Kalahasty, the claimant's treating physician, "noted that the claimant had been treated for ongoing symptoms of fibromyalgia including chronic fatigue and insomnia and had been treated for symptoms of degenerative cervical and lumbosacral disc disease." (R. 21.) The ALJ also noted that Dr. Kalahasty "opined that the claimant's combined symptoms precluded her from returning to any gainful employment." (R. 21.)

However, the ALJ noted that as to the degenerative disc disease, Vanner's "symptoms were treated with medication and physical therapy. Corticosteroid injections and surgery have not been recommended." (R. 20.) With regard to fibormyalgia, laboratory work was negative and there was no evidence of inflammatory arthritis. (R. 21.) Vanner has taken pain medication, antidepressants, and anti-inflammatory medications to treat her symptoms. (R. 20.) The ALJ also found Vanner's reported activities of daily living inconsistent with Vanner's allegation of disabling symptoms. The ALJ noted that Vanner "is able to take care of her basic needs, to do light household chores including cooking, shopping and laundry and is able to drive herself to appointments." (R. 21.) In addition, the ALJ stated Vanner "presented with a normal posture and gait and was able to sit comfortably during her consultative psychiatric interview." (R. 21.) The ALJ therefore found Vanner's allegations of disabling symptoms not fully credible and concluded he did not concur with Dr. Kalahasty's opinion that Vanner is permanently and totally disabled. (R. 21.)

With regard to Vanner's alleged mental impairments, the ALJ noted that the record shows Vanner suffers from a mood disorder due to fibromyalgia and that she has a GAF rating of 50. (R. 22.) However, the ALJ stated Vanner "lives with her ex-husband and gets along well with him and with family members. She is able to do light household chores including cooking and the laundry and regularly attends church services." Id. The ALJ found that Vanner was described as alert and well-oriented by the consultative psychiatrist. Id. The ALJ stated Vanner "has consistently reported no difficulty taking care of her personal needs and has stated that her activities of daily living include doing light household chores including cooking, laundry, shopping and

4

driving." Id. The ALJ noted that the record shows Vanner maintains "good social functioning" and "enjoys reading, watching television, talking to friends on the telephone, and listening to music." (R. 23.) The ALJ found that Vanner's symptoms of depression and anxiety "present no more than a mild to moderate impairment affecting her ability to perform her usual activities of daily living." Id. Therefore, the ALJ did not find Vanner's ability to focus and maintain concentration was significantly impacted. Id. The ALJ noted Vanner's "ability to perform most household chores and normal activities of daily living reflect no significant impairment of her ability to take on and complete tasks in a timely manner." Id. The ALJ concluded "the claimant's allegations of disabling symptoms of depression and anxiety secondary to chronic pain syndrome are not wholly credible because they are not supported by the objective diagnostic and clinical evidence and are inconsistent with the claimant's reported activities of daily living." Id.

Therefore, the ALJ concluded Vanner "retains the residual functional capacity to perform the exertional and nonexertional requirements of unskilled sedentary work offering a simple routine." (R. 23.)

In Rogers v. Comm'r of Soc. Sec, 486 F.3d 234, 244 (6th Cir. 2007), the Sixth Circuit set forth the standard for diagnosing fibromyalgia, which involves testing a series of focal points for tenderness and ruling out other possible conditions through objective medical and clinical trials. In Rogers, the claimant's treating physicians referenced tender points and recorded ongoing complaints of intense pain and stiffness throughout the body. Id. The court noted that "fibromyalgia is not susceptible of objective verification through traditional means" and that one of the claimant's doctors had

5

eliminated other possible diagnoses.  Id.  In evaluating the claimant's subjective complaints, the ALJ had found the claimant's allegations of disabling symptoms not fully credible because of the absence of objective medical evidence supporting her symptoms and because of the claimant's testimony regarding her daily activities (in addition to testimony from a doctor that exercise would relieve the symptoms).  Id. at 246-47.  The court found that while the ALJ is to evaluate the credibility of the claimant, the credibility determination "must find support in the record."  Id. at 247.  The court found the ALJ improperly relied upon a lack of "objective" medical evidence and improperly found the claimant was "fairly active" without noting the limits of those activities.  Id. at 248.  The court found the ALJ mischaracterized the activities by failing to note the limited scope and physical effects of the activities:

> Specifically, Rogers indicated that she does very little driving due to her inability to sit for longer than a few minutes; that she engages in light housekeeping only; that the extent of her care for her dog includes opening the door to let him out in the morning; that she likes to read but has difficulty holding a book; that fixing meals usually means a sandwich or cereal; and that buttoning her shirt is difficult due to the numbness in her fingers.  The ALJ likewise failed to note or comment upon the fact that Rogers receives assistance for many everyday activities and even personal care from her children, who live close by.

Id. at 249; see also Bryant v. Astrue, Case No. 09-10318, 2010 WL 681285, *8-9 (E.D. Mich. Feb. 23, 2010) (noting ALJ overstated claimant's limited activities and finding claimant's activities are not substantial evidence supporting ALJ's credibility determination with regard to claimant's symptoms).  The court also noted that "minimal daily functions are not comparable to typical work activities."  Rogers, 486 F.3d at 248.  The court ultimately found "the reasons given for discounting the opinions of [the claimant's] treating physicians and for finding [the claimant's] subjective complaints not

6

credible were insufficient to constitute substantial evidence" and the case was remanded. Id. at 249.

Similarly, in this case, Vanner's physicians noted multiple tender points and documented Vanner's pain complaints and ruled out other causes. However, the ALJ did not concur with the treating physician's opinion that Vanner is permanently and totally disabled because there was no objective medical evidence in support (i.e., "all rheumatological clinical and diagnostic findings have been negative or equivocal at best") and the finding was inconsistent with Vanner's reported activities of daily living. (R. 21.) With regard to Vanner's alleged mental impairments, the ALJ recognized a mood disorder diagnosis with a GAF of 50 but found Vanner's activities and reported demeanor inconsistent with any disabling impairment. The ALJ found Vanner's allegations of disabling symptoms (as to both her physical and mental complaints) "not wholly credible." Id. In rejecting Vanner's allegations of disabling conditions, the ALJ relied upon Vanner's ability to take care of her basic needs, to do light household chores, and to drive. Id. Throughout the ALJ's decision, he refers to Vanner's daily activities. However, like the ALJ in Rogers, he fails to note the limitations of her activities. Vanner reported that she has difficulty sitting and standing for long periods of time, getting out of bed on her own, sometimes driving, sleeping, dressing herself, and bathing. (R. 70.) She does some light housework (dishes, ironing, sweeping, laundry), but can no longer make the bed or clean. (R. 71.) At the hearing, she testified she "sometimes" cooks or washes dishes. (R. 266.) With housework, she does "a little bit at a time then rest[s]" because if she does too much she feels sick. (R. 71.) She tries to make easy meals, but sometimes is not able to cook and has food prepared for her.

7

Id.  She reports that she is always "in some kind or form of pain" when she tries to cook. Id.  Her husband does most of the shopping and the housework.  (R. 72, 267.)  She reported that she can longer participate in her hobbies of interior design, hair, fashion, and dancing.  (R. 73.)  She spends time with others, listening to music and watching movies, but also reports that she is irritable.  (R. 73-74.)

As in Rogers, the ALJ's opinion references Vanner's activities without detailing the limitations of her activities and her related pain complaints.  It also assumes that limited daily activities are equivalent to working a full-time job.  Therefore, the Court finds that substantial evidence does not support the ALJ's determination of Vanner's RFC, based in part upon the ALJ's determination of Vanner's credibility.  The reasons given for discounting Dr. Kalahasty's diagnosis and opinion and for finding Vanner's disabling symptoms not wholly credible are insufficient to constitute substantial evidence.  If the ALJ has doubt about the accuracy or weight of the treater's opinions, he has an option to consult a medical expert to gain additional insight.  (SSR 96-2p.) The Court therefore concludes that a remand is appropriate in this case.

**Whether the ALJ's Step Five Finding Is Supported By Substantial Evidence**

Vanner also objects to the ALJ's finding that there are a significant number of jobs the claimant can perform.  Vanner first argues the ALJ and Magistrate Judge Morgan failed to properly consider Vanner's combination of physical and mental impairments in finding Vanner capable of sedentary work.  In light of the deficiencies discussed above, the Court finds the ALJ's decision is not supported by substantial evidence and is remanding this case for further development of the record.

Vanner next argues that the VE's testimony, which the ALJ relied upon, conflicts

8

with the Dictionary of Occupational Titles (DOT). In this case, the ALJ asked the VE to determine whether any work could be performed if Vanner "could perform sedentary work as that term is defined in the regulations but that because of pain and depression she is precluded from concentrating on anything more than simple one, two, and three-step procedures, and that she requires the ability to alternate between sitting and standing as she wishes." (R. 271.) The VE testified that "[t]here would be sedentary, unskilled occupations typically involving bench-type operations. Occupations such as packager, sorter, inspector, and assembler." Id. The VE also testified that there are approximately 4,000 such jobs, with a sit/stand option, in the metropolitan area and 7,000 in the state. Id. The ALJ also asked the VE if his testimony was consistent with the Dictionary of Occupational Titles, and the VE testified that it was consistent. (R. 272.)

However, the VE did not provide DOT codes for any of the claimed jobs. Vanner claims certain DOT codes which could fit within the VE's description (e.g., hand packager) have higher exertional levels and therefore do not conform to Vanner's RFC. Vanner argues it is therefore impossible to determine from the VE's testimony if the sedentary jobs identified by the VE exist in sufficient numbers to satisfy 42 U.S.C. §423(d). In an analogous situation, in which the VE testified that her testimony did not conflict with the DOT but did not provide DOT codes for the referenced jobs, the court found:

> The conflict between the VE's testimony and that of the DOT with respect
> to the exertional levels of the occupations provided by the VE remains
> unresolved. Although the VE listed several jobs in the economy that
> Plaintiff could perform and are unskilled and sedentary, the VE did not

9

> provide DOT codes with these positions.  Plaintiff argues that many of these positions are listed in the DOT at a higher exertional level, and in some cases a higher skill level, than that of Plaintiff's RFC...Without the codes for the positions which the VE listed, neither Plaintiff nor the Court can properly determine whether a conflict exists between the VE's testimony and the DOT.  To the extent a conflict exists, the ALJ must elicit a reasonable explanation for such a conflict and thereafter resolve it.  In light of the unresolved conflict between the VE's testimony and the DOT with respect to the exertional classification of the occupations, the Court cannot rule that there is substantial evidence to support the ALJ's step five finding.  The Court finds that the record requires further development as additional factual questions require resolution at the administrative level.

Allshouse v. Commissioner of Social Security, Case No. 07-12516, 2008 WL 4372646, *10 (E.D. Mich. Sept. 19, 2008) (internal citations omitted).  The court remanded the matter for further fact finding.  This Court agrees with the analysis utilized in Allshouse and applies it here.  Again, in connection with this issue, a remand is required for further factual development.

CONCLUSION

The Court adopts the factual portion of Magistrate Judge Morgan's report and recommendation, sustains objections to the report and recommendation as described, denies Defendant's motion for summary judgment, and grants Plaintiff's motion for summary judgment to the extent this matter is remanded to the Commissioner for further administrative proceedings consistent with this Opinion.

SO ORDERED.

Dated: September 28, 2010

                                                  S/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                 UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 28, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---