UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA VANNER,

        Plaintiff,

                                     Case No. 09-CV-12082
v.                                HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT (#24)

      Plaintiff filed this case seeking review of the decision denying her application for social security disability benefits.   On September 28, 2010, the court denied the Commissioner's motion for summary judgment and remanded the case to the Commissioner for further proceedings.   Now before the court is Vanner's application for attorneys' fees under the Equal Access to Justice Act (EAJA).   The Commissioner argues that plaintiff is not entitled to attorneys' fees, and that even if she is, the fees requested are unreasonable.   For the reasons that follow, the court awards Vanner $8,130.50 in attorneys' fees.

Background

      Vanner filed for disability benefits on February 22, 2006 claiming that she has been disabled since June 10, 2005 due to fibromyalgia, back pain, and shoulder pain. A hearing was held before an ALJ on May 19, 2008.   The ALJ issued a written opinion

denying benefits on June 27, 2008.  Review was denied by the Appeals Council on February 24, 2009.

Plaintiff then brought this action under 42 U.S.C. § 405(g).  The matter was referred to Magistrate Judge Morgan, who issued a report and recommendation on June 16, 2010, recommending that defendant's motion for summary judgment be granted, plaintiff's motion for summary judgment be denied, and the decision denying benefits be affirmed.  Vanner filed objections to the report on July 1, 2010.  On September 28, 2010, this court issued a decision denying defendant's motion for summary judgment and granting plaintiff's motion for summary judgment to the extent that this matter was remanded to the Commissioner for further administrative proceedings.

Vanner filed a motion for fees and costs under the Equal Access to Justice Act. Vanner is represented by Daley, Debofsky & Bryant, a Chicago-based law firm.  She claims that the law firm expended a total of 39.15 attorney hours and 13.30 law clerk hours in litigating her claim.  The work was performed by Frederick Daley (Daley), Katherine Hoppe (Hoppe), and Suzanne Blaz (Blaz).

<u>Analysis</u>

To be entitled to EAJA fees, a court must find that (1) the party seeking fees was a prevailing party in a civil action; (2) the party timely filed an application for fees; (3) the position of the agency was not substantially justified; and (4) the fees requested are reasonable.  28 U.S.C. § 2412(d)(1)(A) (2005).  A district court has broad discretion when determining whether fees should be awarded under the EAJA and its decision will only be overturned if the district court abuses its discretion.  <u>Damron v. Comm'r of Soc.</u>

2

Sec., 104 F.3d 853, 855 (6th Cir. 1997).  The district court abuses its discretion if its factual findings are "clearly erroneous"; the court's evaluation of the government's position is reviewed *de novo.*  Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir.1989).

A.  Was the Commissioner Substantially Justified?

The Commissioner bears the burden of establishing that his position was substantially justified, Dep't of Labor Sec'y v. Jackson Co. Hosp., 2000 WL 658843, *3 (6th Cir. May 10, 2000), and the Supreme Court defines substantially justified as "justified in substance or in the main . . . to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  However, the fact that the court finds a decision of the Commissioner not "supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified."  Couch v. Secretary of Health and Human Servs., 749 F.2d 359, 360 (6th Cir.1984).

Defendant argues that the government's position was substantially justified because cases involving disability claims based on fibromyalgia are "complicated by the very nature of the [disease]," Preston v. Sec'y of Health and Human Servs., 854 F.2d 815, 819 (6th Cir. 1988), and reasonable people could differ as to the appropriateness of the government's action.  Pierce 487 U.S.at 565.  Defendant further notes the Magistrate Judge's finding that there were valid reasons for doubting that plaintiff was disabled by fibromyalgia as evidence that the Commissioner's position was substantially justified.

In this case, the Commissioner has not met his burden of showing that his position was substantially justified.  The standard for diagnosing fibromyalgia in this

3

circuit involves "(1) the testing of a series of focal points for tenderness and (2) the ruling out of other possible conditions through objective medical and clinical trials." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 244 (6th Cir. 2007).  Plaintiff here was examined by multiple doctors, all who noted numerous tender points, and two of whom diagnosed fibromyalgia, and one who noted the tender points to give the impression of fibromyalgia.  It is "well established that an ALJ cannot simply disregard the clear opinions of a claimant's treating physicians, without adequate explanation." McNelis v. Comm'r of Soc. Sec., 2010 WL 5866250 at *2 (E.D. Mich. Oct. 20, 2010).  Here, the ALJ failed to provide an adequate explanation for disregarding these diagnoses.  It relied only on Vanner's ability to take care of her basic needs, do light household chores, and drive, but failed to note the limitations of her activities.  Moreover, the fact that the administrative law judge and magistrate judge both agreed in the denial of disability benefits does not show that the Commissioner's position was substantially justified.  Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004) (holding that the mere fact that an administrative law judge, magistrate and the court itself all agree in the denial of the disability benefits does not, by itself, establish that the government's position was substantially justified).  As such, the ALJ's position was not "substantially justified" in this matter and Vanner should be awarded attorney's fees.

     B.  Are the Fees Requested Reasonable?

     The EAJA permits an award of "reasonable" attorney fees.  28 U.S.C. § 2412(d)(2)(A).  The plaintiff bears the burden of proving the reasonableness of the fees requested.  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  Courts regularly use the lodestar approach to calculating attorneys fees, "'multiplying the number of hours

4

reasonably expended on the litigation times a reasonable hourly rate.'" <u>Blanchard v. Bergeron</u>, 489 U.S. 87, 94 (1989), quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984). The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour unless an increase in the cost of living or special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).  Although the EAJA limits attorneys fees to the litigation process, 28 U.S.C. § 2413(a)(1), the litigation process includes the EAJA application process.  <u>I.N.S. Comm'r v. Jean</u>, 496 U.S. 154, 162 (1990). While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented. <u>Hensley</u>, 461 U.S. at 433-34.

Plaintiff seeks $8,318.00 for a total of 39.15 attorney hours and 13.30 law clerk hours expended by her legal team.  Defendant argues that the fee request is excessive for several reasons.  First, according to defendant, plaintiff's attorney was not entitled to an enhanced rate of $170 per hour.  In support of this rate, however, plaintiff argues that attorneys' fees should be calculated by beginning with the statutory cap and then adjusting for an increase in the cost of living based on the Consumer Price Index (CPI-U).  The Commissioner has not objected to this method.  According to the U.S. Department of Labor's CPI-U for the Detroit-Ann Arbor-Flint area, the consumer price index as of December 2010 was 205.085.  The CPI-U was 151.3 in March 1996 when the $125 per hour cap was established.  Multiplying the $125 per hour times the ratio of 205.085 divided by 151.3 equals a cost of living increase to $169.44.  Plaintiff also offers, as support for this increased rate, cases in which counsel was paid $170 per hour and greater for work in similar cases.  <u>Zannon v. Comm'r of Soc. Sec.</u> 2010 WL 1524143 (E.D. Mich. April 15, 2010); <u>Allshouse v. Comm'r of Soc. Sec.</u>, 2009 WL

4884968 (E.D. Mich Dec. 11, 2009).  Accordingly, the Court will apply a rate of $170 per hour for attorneys Daley and Hoppe.

Defendant also argues that plaintiff should not receive compensation for administrative tasks and that the court should reduce the post-complaint time billed by 2.25 hours.  Some of the work defendant refers to, however, is attorney review of referring documents, including the ALJ decision, which requires an extensive knowledge of social security law and procedure and is not clerical.  Thus, Hoppe's April 22, 2009 entry is reasonable.  Plaintiff failed to address defendant's clerical argument with respect to Blaz's entries.  Thus, the court will reduce Blaz's hours by 1.50.

Lastly, defendant asserts that a rate of $125 per hour for law clerk Blaz is excessive and asks the court to award plaintiff the median rate for paralegal billing in Michigan of $75 per hour.  Plaintiff, however, provides sufficient support that Blaz's work is entitled to the requested rate of $125.  Blaz has a J.D. and is experienced as a paralegal.  Moreover, the time logs submitted by Vanner show that Blaz performed work at a level beyond that of a paralegal and should be more highly compensated.  Blaz drafted the complaint and EAJA petition and researched and drafted the reply to defendant's memorandum in response to plaintiff's application for attorney's fees.  Plaintiff also cites two cases in which Blaz was awarded $125 for similar work.  Zannon, 2010 WL 1524143 at *4; Allshouse, 2009 WL 4884968 at *6.  Thus, a rate of $125 per hour is reasonable compensation for Blaz's work.

C.  Should the EAJA Fees Be Paid Directly to Plaintiff's Counsel?

The EAJA provides that the court must award fees to a "prevailing party."  28 U.S.C. § 2412(d)(1)(A).  The Commissioner argues that the court should direct that any

6

award of EAJA fees be payable to plaintiff, not plaintiff's attorney, citing the Supreme

Court's recent decision in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521, 2522 (2010).  According to

plaintiff, because of the assignment of the right to attorneys' fees to plaintiff's counsel,

<u>Ratliff</u> is not controlling.

In <u>Ratliff</u>, the social security claimant sought attorneys' fees as a prevailing party

under the EAJA, 28 U.S.C. § 2412(d).  130 S.Ct. at 2524.  Before paying the fees, the

commissioner discovered that plaintiff owed the United States a debt that predated the

award and sought an administrative offset of the award.  <u>Id.</u>  The plaintiff's attorney

argued that the EAJA award belonged to her as the claimant's attorney, and thus could

not be offset.  <u>Id.</u>  The Supreme Court granted certiorari to determine "whether an

award of 'fees and other expenses' to a 'prevailing party' under § 2412(d) is payable to

the litigant or to his attorney."  <u>Id.</u>  The court held that, pursuant to the language of the

statute, such an award is "payable to the litigant[.]"  <u>Id.</u>

In <u>McNelis</u>, following the principle set forth in <u>Ratliff</u>, the court decided that since it

did not know whether plaintiff had any valid debt owing to the government, the case

should be remanded to the commissioner to determine whether the assignment was

valid and whether claimant was indebted to the government.  2010 WL 5866250 at *3.

The court found that if the assignment was deemed valid and plaintiff was not indebted

to the government, the commissioner could pay the attorneys' fees directly to plaintiff's

counsel without running afoul of <u>Ratliff</u>.  <u>Id.</u>

In the present case, plaintiff submitted an assignment of EAJA fees from herself to

her attorney, Daley.  The case is remanded to the Commissioner to determine whether

plaintiff has any outstanding debt to the United States government.  Should the Commissioner determine that plaintiff does not have any outstanding debt, then payment shall be sent directly to plaintiff's attorney, Daley.

<u>Conclusion</u>

For the reasons stated above, Vanner's application for attorneys' fees is GRANTED in part.  The Commissioner shall pay Vanner $8,130.50.  The issue of Vanner's outstanding debt is remanded to the Commissioner to determine where payment should be sent.


SO ORDERED.

Dated:  July 6, 2011


s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk