UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA VANNER,

        Plaintiff,

                                            Case No. 09-CV-12082
v.                                         HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES (#41)

Plaintiff filed this case seeking review of the decision denying her application for social security disability benefits. This court denied the Commissioner's motion for summary judgment and remanded the case to the Commissioner for further proceedings. Plaintiff subsequently prevailed. The preliminary Notice of Award shows that the ALJ awarded her $116,610.40 in past-due benefits. Plaintiff's counsel filed an application for attorneys' fees seeking $29,152.60 (25% of the award) pursuant to § 206(b)(1) of the Social Security Act. Plaintiff's counsel subsequently filed the final Notice of Award with this court. The final Notice of Award shows that the ALJ awarded plaintiff $122,610.40 in past-due benefits and shows that 25% of that amount would result in $30,652.60 for attorney's fees. However, plaintiff's counsel continues to seek only the $29,152.60 initially requested. Plaintiff argues this amount is reasonable because of the contingent nature of representation, the express contract between plaintiff and her attorney, and the absence of any reason why the attorney fee award would be unjust. Plaintiff's counsel represents

that it will return the EAJA fee of $8,130.50 to plaintiff when it receives the $29,152.60.

Section 206(b)(1) of the Act provides that, whenever a court renders a judgment favorable to a claimant who was represented before it, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled..." 42 U.S.C. § 406(b)(1). In Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002), the Supreme Court noted that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." The Supreme Court explained § 406 instead provides for a review of the attorney's fees to ensure they are reasonable. Id. The decision whether to award attorney's fees under Section 206(b)(1) is committed to the sound discretion of the district court, and the decision awarding or denying fees is reviewed on appeal under the deferential abuse of discretion standard. See Damron v. Commissioner, 104 F.3d 853, 856 (6th Cir. 1997).

Defendant argues a fee award of $29,152.60 is unreasonable and would result in a windfall to plaintiff's attorney in light of the time and effort expended by the lawyer. This court is familiar with this case and with the work performed by plaintiff's counsel. After reviewing the parties' submissions and decisions in similar cases, the court finds the fee requested is reasonable. Accordingly, plaintiff's application for attorneys' fees (#41) is GRANTED.

IT IS SO ORDERED.

Dated: March 14, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk